[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE
The plaintiff homeowner, Richard Preston, brought this action against the insurance agent of J.B. Lee. the plaintiff's remodeling contractor.
Plaintiff alleges the following facts. In October, 1998, the plaintiff and Lee became parties to a contract in which Lee was to provide home repair and home improvement services to the plaintiff. The plaintiff gave a copy of the contract to the insurance agent of the contractor and paid him for a performance bond and contractor's liability insurance for Lee. Also in October, 1998, the plaintiff and Lee entered into a second contract for additional work on the house. The plaintiff provided a copy of this contract to the defendant agent on November 2, 1998. On November 3, 1998, the defendant told the plaintiff that insurance was in place and CT Page 8896 because of the second contract the price of the bonding fee was increased to a total of $1,000. The defendant assured the plaintiff that if the plaintiff put a check in the mail that day the bond would go into effect on November 4, 1998. On November 5, 1998, the plaintiff telephoned the defendant who confirmed that he received the check. The defendant promised to send the plaintiff a copy of the insurance and bond. On November 9, 1998, the plaintiff inquired about the insurance and the bond and the defendant assured the plaintiff that he had mailed both to the plaintiff and that both were in place. On November 13, 1998, the defendant faxed a copy of the certificate of liability insurance and again assured the plaintiff that the copies of the insurance and bond were in the mail. On November 16, 1998, a building official of the city of West Haven issued a stop work order to Lee due to the improper work on the plaintiff's house. As a result of the negligent work of Lee, the plaintiff's home requires approximately $200,000 in repairs to restore it to habitable condition.
On May 2, 2001, the defendant filed a motion to strike count nine, which alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), on the ground that it is legally insufficient.
The defendant first argues that count nine is legally insufficient on the ground that all insurance related conduct must constitute a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) before there can be a violation of CUTPA. The defendant cites Mead v. Burns,199 Conn. 651, 509 A.2d 11 (1986). as standing for this proposition. WhatMead actually said was: "Our Supreme Court has held that a private cause of action may be asserted under CUTPA to enforce alleged CUIPA violations. See Mead v. Burns, supra, 199 Conn. 665-6 (Emphasis added.) . . . [A] CUTPA violation premised on CUIPA requires allegations of sufficient facts to demonstrate a `general business practice.'" Lee v.Scottsdale Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 350438 (February 8, 1999, Nadeau, J.).
Therefore, Mead does not require all CUTPA actions in insurance cases to arise out of CUIPA as the defendant argues; rather, it merely prescribes what type of CUIPA violation — those acts constituting a general business practice-may rise to the level of an action in CUTPA.Mead v. Burns, supra, 199 Conn. 663-4. Here, plaintiff does not purport to rely upon a CUIPA violation for his CUTPA claim and, therefore, his CUTPA count may stand if his allegations are sufficient, on some other basis, to establish a cause of action in CUTPA.
The defendant also argues that a third party may not bring an action against the alleged tortfeasor's insurer. In Thompson v. Aetna Life Casualty Co., Superior Court, judicial district of Hartford-New Britain CT Page 8897 at Hartford, Docket No. 308821 (May 15, 1987, Satter, J.), the court held that third party claimants may not bring direct private actions against insurers for unfair settlement practices under CUIPA. In the present case, however, the plaintiff alleges that he is more than a third party claimant. This court finds that, if proven, the plaintiff's allegations could establish a consumer relationship with the defendant, which is sufficient to maintain a CUTPA claim. "Although privity, in the traditional contractual sense of an exchange of consideration between the parties, may no longer be essential for standing under CUTPA, a claimant under Connecticut Unfair Trade Practices Act must possess at least some type of consumer relationship with the party who allegedly caused harm to him or her." Jackson v. Whipple, Inc., 225 Conn. 705, 727, 627 A.2d 374
(1993).
Since the plaintiff's allegations establish his standing, this court now determines whether the allegations are sufficient to establish a cause of action in CUTPA. "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other business persons. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets omitted.) Willow Springs Condominium Assn. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 43, 717 A.2d 77 (1998). This court finds that the plaintiff's allegations are sufficient to support a cause of action in CUTPA. For this reason, the plaintiff's objection to the defendant's motion to strike count nine is sustained.
The Court
By Nadeau, J.